IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>　　　Petitioner,<br><br>　　　v.<br><br>MANATT, PHELPS & PHILLIPS, LLP,<br>　　　Respondent. | Case No. 21-mc-466 |

### FTC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL MANATT, PHELPS & PHILLIPS, LLP TO COMPLY WITH JUDICIAL SUBPOENA

The Federal Trade Commission ("FTC") is in litigation in the United States District Court for the Southern District of Florida, *FTC v. On Point Global, LLC, et. al*, 19-25046-Civ-Scola (District Judge Robert N. Scola, Jr.), and related civil contempt litigation before the same Judge involving alleged violations of a 2014 Order and Permanent Injunction as to Defendants Burton Katz and Jonathan Smyth (the "Katz Order") in *FTC v. Acquinity Interactive ,LLC, et al.*, 14-60166-Civ-Scola (S.D. Fla). The Katz Order contained injunctive relief, entered a judgment against Burton Katz, required payment of $704,244 within 7 days, and required defendants to affirmatively report their compliance with it by providing updates to the FTC. *See* Order, attached as Ex. 1 at 3-5, 7-10 (*Acquinity* Docket ECF No. 132 (Oct. 16, 2014)).[1]

On March 24, 2021, the FTC subpoenaed non-privileged records from Manatt, Phelps & Phillips, LLP ("Manatt") regarding payment of the Katz Order judgment amount, retainer agreements with any defendant named in the *On Point* litigation, and certain non-privileged correspondence. Manatt declined to participate in an April 22, 2021 discovery hearing in the Southern District of Florida, refused to produce any documents in response to two document

---

[1] All references to "Ex." are to exhibits attached to the declaration of Christopher Erickson in support of the motion.

requests, and is now relying on a burden argument to resist fully complying with the subpoena. Further, after producing payment information and retainer agreements, Manatt states that any further documents must be compelled in the Southern District of New York.

Manatt's arguments cannot be sustained; therefore, the FTC asks that its subpoena for non-privileged documents be enforced forthwith. The FTC asks that its Motion to Compel be granted as soon as possible.

## BACKGROUND

The FTC in the *On Point* litigation alleged defendants violated the FTC Act by employing deceptive websites that purported to provide government services, but did not. After an evidentiary hearing in January 2020, Southern District of Florida Judge Robert N. Scola, Jr. found that Defendants' websites "were patently misleading." Ex. 2 at 2 (*On Point* Preliminary Injunction, ECF No. 126 (Jan. 14, 2020)).[2] Based on those same facts, in the *Acquinity* case, the FTC filed a Motion for Order to Show Cause why Burton Katz, and 12 of the *On Point* Corporate Defendants should not be held in civil contempt for violating the Katz Order. Ex. 3 (*Acquinity* ECF No. 135 (exhibits omitted)). Judge Scola entered the show cause order the following day, and ordered the show cause hearing for the *Acquinity* contempt be heard contemporaneously with the trial in *On Point* litigation. Ex. 4 (*Acquinity* ECF No. 136).

Discovery in *On Point* revealed that, in October 2014, Robert Zangrillo transferred $704,244 to Manatt, the respondent here, the day Mr. Katz's judgment payment in that exact amount was due under the Katz Order. *See* Ex. 5 at 24;[3] Ex. 1 at 4. Discovery further revealed

---

[2] Judge Scola retained jurisdiction of the case for all purposes. Ex. 2 at 19 (*On Point* Preliminary Injunction).
[3] The FTC inquired if Manatt objected to the public filing of this exhibit, given that it was stamped "confidential." Manatt stated that it did not.

that Zangrillo had communications with Manatt - who represented Katz but not Zangrillo - about the Katz Order after its entry. *See, e.g.*, Ex. 6 at 277:11-280:22. These communications are important in *On Point* and in the *Acquinity* contempt proceedings, where Zangrillo stands accused of violating the Katz Order in active concert and participation under Rule 65(d), Fed. R. Civ. P. *See* Ex. 7 (*Acquinity* ECF No. 137).

To wit, Zangrillo has denied notice of the Katz Order, despite at the time he made the judgment payment also forming DG DMV, LLC.[4] *See* Ex. 8 at 12-17 (*Acquinity* ECF No. 163) (denying notice); Ex. 9 at 5, 8 (formation date); Ex. 6 at 30:7-15 (created DG DMV, LLC). Manatt's communications with Zangrillo and his agents about the judgment payment and DG DMV go to the heart of his contempt, common enterprise, and individual liability defenses. Specifically, after Zangrillo formed DG DMV and the Southern District of Florida entered the Katz Order, discovery shows that Katz became Manager of DG DMV in May 2015, and Zangrillo had meetings with Manatt around that time. Ex. 9 at 1 (Katz as manager); Exs. 10 & 11 (communications about meeting Manatt). Katz then included DG DMV in his one-year compliance report to the FTC. *See* Ex. 12 at 1-3. Katz never provided an updated report to include any subsequent business changes to DG DMV, including its 2018 roll-up into On Point Global, where Katz served as CEO and Zangrillo served as chairman of the board. Ex. 13 at 19:22-22:5, 26:5-22. On Point Global and DG DMV are defendants whose websites Judge Scola found to be patently misleading and who have been ordered to show cause why they should not be held in contempt of the Katz Order. *See* Ex. 2, Ex. 4.

---

[4] DG DMV, LLC is a defendant in the *On Point* litigation, and was ordered by Judge Scola to show cause in the Katz Order civil contempt proceeding in *Acquinity*. *See* Exs. 3 & 4.

Because of the discovery revelations about Zangrillo's dealings with Manatt, the FTC served a subpoena on the firm on March 24, 2021 seeking all agreements for legal services with any defendant in the *On Point* case, as well as documents regarding certain payments to Manatt, and communications with Zangrillo.  Ex. 14 (Subpoena to Manatt).  Nine days after the subpoena, Zangrillo objected on relevance grounds, claiming the FTC was in contempt for abusive process.  *See* Ex. 15 at 3.  On the noticed production date, Manatt also objected to the subpoena, arguing it was unduly burdensome because it sought documents from seven years ago, and stated "at least one of the defendants seeks to quash the subpoena to Manatt" and so declined to produce documents while that motion was pending.  Ex. 16 at 1.  Magistrate Judge Torres scheduled a telephonic hearing for April 22, 2021 in the Southern District of Florida, and the FTC on April 8 invited Manatt to attend.  Indeed, the FTC invited the firm to make its objections to the Magistrate.  *See* Ex. 17 at 1.

The hearing occurred as scheduled.  Manatt neither responded to the FTC's April 8 letter nor attended the hearing.  Over Zangrillo's objection, Magistrate Judge Torres ruled the subpoena was relevant and that he would enforce the FTC's subpoena to Manatt.  Ex. 18 (April 22, 2021 Tr.) at 49:13-16.  Additionally, because the FTC also has discovery rights under the *Acquinity* Order, Ex. 1 at 12, Magistrate Judge Torres noted that the "order should come out in both cases separately, because there are technically different argument[s]." Ex. 18 at 49:23-25.  On April 23, 2021, FTC counsel informed Manatt of the ruling, and requested responsive documents be provided expeditiously.  *See* Ex. 19.

Manatt then produced limited responsive documents on April 27.  Tellingly, Manatt produced a document confirming it received the payment in the exact amount of Katz's judgment directly from Robert Zangrillo's personal account on October 23, 2014, the day it was due.  Ex. 5

4

at 24.[5]  However, Manatt refused to produce documents responsive to subpoena Requests 4 and 5:

### Document Request 4

*Produce all communications with Robert Zangrillo, or any entity, employee, agent, consultant, or other person working for or on behalf of him, regarding the Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief as to Defendants Burton Katz and Jonathan Smyth, DE 132, in FTC v. Acquinity Interactive, LLC, et al., Case No. 14-60166-Civ-SCOLA/OTAZO-REYES.*

### Document Request 5

*Produce all communications regarding the payment of the $704,244.00 monetary judgment entered against Defendant Burton Katz in the Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief as to Defendants Burton Katz and Jonathan Smyth, DE 132, in FTC v. Acquinity Interactive, LLC, et al., Case No. 14-60166-Civ-SCOLA/OTAZO-REYES.*

In its April 26 response, Manatt claimed both requests were "overly broad and unduly burdensome, particularly because the request seeks communications from approximately seven years ago." Ex. 20 at 5-6.  The FTC replied that Manatt had to date "made no proffer of a single step it has taken to locate responsive documents or why doing so would be burdensome, only asserting vaguely that the documents are seven years old." Ex. 21 at 2.

Then, on April 30, Manatt specifically raised for the first time that it would require the FTC to compel the documents in this Court, rather than the Southern District of Florida and again raised burden arguments.  Ex. 22.  The parties conferred on May 5, 2021 and exchanged correspondence from May 6 through May 25.  See Exs. 23-30; email and letter exchanges.[6]  During these conferrals, the FTC narrowed the scope of the subpoena, allowing Manatt to omit

---

[5] Manatt also produced three retainer agreements, which confirmed that neither Robert Zangrillo nor any of his companies were Manatt clients.  See Ex. 5 at 2-22.

[6] It is notable that May 10, 2021 was the first time that Manatt indicated that it had even searched for documents responsive to Requests 4 and 5.  See Ex. 24.

from its review and production any purely internal communications (Manatt to Manatt), or communications solely with their clients (Katz and Jonathan Smyth). Ex. 25 at 2. Thus, the Commission has removed all possible privilege arguments that might inhibit or delay production. Likewise, it has limited production of responsive documents to those from a short period, September 1, 2014 to June 30, 2015. Ex. 23 at 1; Ex. 25 at 1.

The FTC has also repeatedly requested information about Manatt's burden, including information about the cost of Manatt's compliance with the subpoena, the identities of the timekeepers, and how those timekeepers organized their files. Ex. 17 at 1-2; Ex. 21 at 2; Ex. 23 at 1; Ex. 25 at 3; Ex. 26; Ex. 28; Ex. 30. Manatt has never provided a cost estimate or identified the timekeepers. *See* Exs. 24, 27, 29. To date, the only information it has provided is that -- in addition to the two administrative professionals the FTC identified -- there were seven timekeepers on the relevant matters; one of the timekeepers possesses 2.5 GB of email data for the period FTC specified; and a second timekeeper possesses 1.5 GB of email data for that same time period. Manatt has not provided a cost estimate for the purported overly burdensome search, nor has it answered the FTC's inquiries about how those timekeepers organized their files.

Instead of answering the FTC's inquiries regarding burden, Manatt offered hypotheticals. "[E]xtrapolation suggests that each timekeepers has between 1 and 3 gigabytes of material for the time period you propose, totaling between 9 and 27 gigabytes of emails for the time period." Ex. 27 at 1. "But by way of estimates, LexisNexis approximates that 1 gigabyte of emails is about 100,000 pages. Therefore, the emails of just two of the seven timekeepers could total 400,000 pages. By that calculation, seven timekeepers would have well over one million pages of emails. And that does not include emails of administrative personnel, which you also demand

6

we search and produce." Ex. 24 at 1. Notably, Manatt has not identified the LexisNexis source for its hypothetical, despite the FTC requesting that it do so on three separate occasions. Exs. 25, 28, 30. Manatt eventually agreed that a vendor was necessary (as opposed to review in Outlook), Ex. 29, but has apparently not processed any data to provide the FTC with de-duplicated email counts, or email counts that do not include purely internal or potentially privileged communications.

The documents are relevant to the litigation disputes between Zangrillo and the FTC. Indeed, the Court where the case is pending has already ruled on Zangrillo's objection. In addition, Zangrillo has now opposed a civil contempt show cause motion in *Acquinity* on the grounds that he lacked notice of the Katz Order under Rule 65(d), Fed. R. Civ. P. *See Acquinity* Docket ECF 163 (May 14, 2021). There is no reason for further delay and the subpoena response must be compelled.

## ARGUMENT

### I. THE COURT HAS THE POWER TO COMPEL MANATT TO RESPOND TO THE SUBPOENA

Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 45 allows parties to seek relevant documents, electronically stored information, and tangible things in the possession, custody, or control of third parties. Fed. R. Civ. P. 45(a)(1)(A)(iii). With notice to the subpoenaed entity, the serving party "may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Motions to compel a subpoena response are "entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (quoting *United States v. Sanders,* 211 F.3d 711, 720 (2d Cir. 2000)).

## II. THERE IS NO PRIVILEGE IMPLICATED TO PREVENT THE SUBPOENAED DOCUMENT PRODUCTION

The Court need not be concerned about Manatt's status as a law firm.  Manatt has raised no credible privilege concern with respect to Robert Zangrillo, nor could it.  Robert Zangrillo was not a Manatt client.  Thus, any communications with him or with anyone working on his behalf – Request 4 – are not privileged.

Likewise, no privilege is implicated by Request 5:  communications regarding the payment of Mr. Katz's judgment.  To the extent Manatt had any such concern, on May 13, the FTC clarified:

> Manatt (1) need not review nor produce any communications exclusively between people with manatt.com email addresses (e.g., Manatt need not review nor produce any purely internal emails) and (2) need not review nor produce any communications a person with a manatt.com email address had (a) only with Burton Katz, (b) only with Jonathan Smyth, or (c) only with those two individuals (e.g., Manatt need not review nor produce any emails for which the attorney-client privilege potentially exists).

Ex. 25 at 2.  Indeed, the search limitations proposed by the FTC eliminates anyone's attorney-client privilege concerns.  *See United States ex. rel. Ortiz v. Mount Sinai Hospital*, 169 F. Supp. 3d 538, 545 (S.D.N.Y. 2016) (party has no standing to quash subpoena to non-party in the absence of privilege concerns) (citing *Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004)).  The retainer agreements with On Point defendants other than Mr. Katz are dated January 21, 2016 (addressed to Brent Levison on behalf of Direct Market LLC) and September 7, 2016 (addressed to Arlene Mahon on behalf of Waltham Technologies LLC).  Ex. 5 at 8, 15.  Accordingly, the FTC has established that there are no communications with Mr. Zangrillo that could be implicated or covered by those agreements and any attendant attorney-client privilege.

### III. THE BURDEN ON MANATT IS MINIMAL.

Manatt's only remaining argument is burden. However, the FTC already has reduced, to the extent possible, any burden on Manatt by limiting the responsive document search period to September 1, 2014 to June 30, 2015, and limiting the communications set forth above. Ex. 25 at 2. Manatt has raised the passage of time as a burden. However, its own retainer agreements state records will be "kept for seven (7) years after the matter has concluded." Ex. 5 at 4. We have not yet reached 7 years past the start of the relevant subpoena search period, September 1, 2014, much less the payment date reflected in Manatt's records.

In any event, because Manatt claims a burden, it must demonstrate that undue burden exists. *See In re Ramaekers*, 33 F. Supp. 2d 312, 314 (S.D.N.Y. 1999) ("Against the backdrop of Rule 26, courts can determine whether to enforce a subpoena for the production of documents. The burden of persuasion is borne by the party opposing the subpoena.") (citing *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y.1996)); *Citizens Union of City of New York v. Att'y Gen. of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017) ("The party seeking discovery bears the initial burden of proving the discovery is relevant, and then the party withholding discovery on the grounds of burden, expense, privilege, or work product bears the burden of proving the discovery is in fact privileged or work product, unduly burdensome and/or expensive.").[7]

---

[7] "Courts 'whose only connection with a case is supervision of discovery ancillary to an action in another district' are, however, cautioned to be 'especially hesitant to pass judgment on what constitutes relevant evidence. . . .'" *Jam Indus. USA, LLC v. Gibson Brands, Inc.*, 2020 WL 4003280, at *3 (S.D.N.Y. July 15, 2020) (quoting *In re Honeywell Int'l, Inc. Secs. Litig.*, 230 F.R.D. 293, 301 (S.D.N.Y. 2003)). As noted above, the issuing court has already ruled that the documents are relevant to the litigation.

To demonstrate burden, Manatt has to submit an affidavit or other evidence demonstrating the time and expense involved in responding.  *See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009) (rejecting undue burden argument where movants had failed to submit affidavits describing the burden imposed by trial subpoenas and collecting cases; "A party objecting to a subpoena on the ground of undue burden generally must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."); *see also Universitas Educ., LLC v. Nova Grp., Inc.*, 2013 WL 3328746, at *7 (S.D.N.Y. July 2, 2013) ("While there is a burden inherent in responding to a subpoena, the burden that the [non-parties] have identified is the same sort of burden that any non-party faces in responding to a subpoena.  Notably, the [non-parties] have failed to provide any affidavits to articulate the degree and scope of the burden posed by additional production, and, accordingly, they have not demonstrated that the burden of responding to the subpoenas is so substantial that the subpoena should be quashed.") (citing *Aristocrat Leisure*).  Should Manatt fail to offer evidence supporting its assertions, the Court can and should compel production immediately.

Importantly, any such evidence has to meet the particular search parameters now at issue: communications limited to the time from September 1, 2014 to June 30, 2015, and excluding all internal Manatt only communications as well as the other parameters the FTC agreed to eliminate any privilege concerns.  Ex. 25 at 2.  *Cf. Semtek Int'l, Inc. v. Merkuriy Ltd*, 1996 WL 238538, at *3 (N.D. N.Y. 1996) (requests for documents unlimited in time are overbroad). Additionally, the requested period itself does not require an exhaustive search for each date therein.  Indeed, the amount of time Manatt spent on the representation appears relatively minor, given its billings here versus its gross revenues.  *See* Ex. 25 at fn.1.

Tellingly, during discussions pertaining to limiting the scope of the subpoena, Manatt has consistently failed to proffer evidence regarding its burden, despite repeated invitations to do so from the FTC.[8] For example, most recently, it failed to answer the FTC's inquiry regarding whether it had received an estimate of the cost of loading documents to a review platform. *See* Exs. 27-30. Further, it declined to offer the FTC any other information as to its burden, including that purported cost, so that the FTC may limit any burden.

These records are plainly relevant to the *On Point* litigation and the *Acquinity* contempt case and, as such, must be produced.

## CONCLUSION

For the reasons set forth above, the Court should grant the FTC's Motion.

Dated:  June 3, 2021  	Respectfully submitted,

*/s/ Sana Chaudhry*

Sana Chaudhry, New York Bar # 5284807
(202) 326-2679; schaudhry@ftc.gov

Sarah Waldrop (*pro hac vice* motion pending)
(202) 326-3444; swaldrop@ftc.gov
Christopher Erickson (*pro hac vice* motion pending)
(202) 326-3671; cerickson@ftc.gov
Federal Trade Commission
600 Pennsylvania Ave. NW, CC 9528
Washington, DC 20580
Facsimile: (202) 326-3197
Attorneys for Plaintiff, Federal Trade Commission

---

[8] As noted above, besides citing the age of the files, the only specific information that Manatt has ever provided to the FTC is that two custodians – whom Manatt did not identify – possess four gigabytes of documents for the relevant time-period. *See* Ex. 24. However, Manatt has never described how those individuals organize their files, including whether they organize their emails in a way that could limit Manatt's review for responsive documents (for example, placing emails into different folders organized by client or matter). *See* Exs. 25, 27, 28, 29, 30. Manatt has also never identified the other custodians or the universe of documents. *See id.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 3, 2021, I filed the foregoing document and all related documents by ECF. I also caused to these filings to be served via email on Manatt, Phelps & Phillips LLP ("Manatt") by emailing them to Ronald Blum and Rebecca Kimmel, counsel for Manatt, at RBlum@manatt.com and RKimmel@manatt.com. Manatt consented to service by email on June 2, 2021.

      Further, I have sent copies of these papers via electronic mail to the parties in the underlying litigation.

      /s/ Sana Chaudhry
      Sana Chaudhry