

United States of America
## FEDERAL TRADE COMMISSION

Division of Enforcement
Bureau of Consumer Protection

**Sarah Waldrop**                                          **Christopher J. Erickson**
**(202) 326-3444; swaldrop@ftc.gov**                       **(202) 326-3671; cerickson@ftc.gov**

**Sana Chaudhry**
**(202) 326-2679; schaudhry@ftc.gov**

April 27, 2021

*VIA EMAIL* **(RBlum@manatt.com)**
Manatt, Phelps & Phillips, LLP
Attn:  Ronald G. Blum, Esq.
7 Times Square
New York, NY 10036

> **Re:**   *Federal Trade Commission v. On Point Global LLC, et al.*
>          **Case No. 1:19-CV-25046-SCOLA (S.D. Fla.)**

Mr. Blum:

We write with regard to the response Manatt, Phelps & Phillips, LLP ("Manatt") provided to the FTC's subpoena dated March 24, 2021.  Because Manatt did not produce documents in response to the FTC's fourth and fifth document requests, its production is deficient.  Additionally, as you know, Magistrate Judge Torres has orally ruled that he will enforce the subpoena.  In light of this ruling, we expect Manatt to complete its response to this subpoena as soon as possible.

In its fourth and fifth document requests, the FTC sought the following documents from Manatt:

### Document Request 4

Produce all communications with Robert Zangrillo, or any entity, employee, agent, consultant, or other person working for or on behalf of him, regarding the Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief as to Defendants Burton Katz and Jonathan Smyth, DE 132, in FTC v. Acquinity Interactive, LLC, et al., Case No. 14-60166-Civ-SCOLA/OTAZO-REYES.

### Document Request 5

Produce all communications regarding the payment of the $704,244.00 monetary judgment entered against Defendant Burton Katz in the Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief as to Defendants Burton Katz and Jonathan Smyth, DE 132, in FTC v. Acquinity Interactive, LLC, et al., Case No. 14-60166-Civ-SCOLA/OTAZO-REYES.

**Exhibit 21**
**Page 1 of 2**

Manatt did not produce any documents in response to the FTC's fourth and fifth document requests, objecting and stating that these requests are "overly broad and unduly burdensome, particularly because the request seeks communications from approximately seven years ago." *See* Manatt's Responses and Objections at 5-6 (same objection for both document requests). However, as we have informed you on at least two prior occasions, Magistrate Judge Torres has ruled that he will enforce the FTC's subpoena to Manatt. *See* April 22, 2021 Hearing Transcript at 49:13-16. Manatt did not attend this hearing after raising the same boilerplate burden objection in its April 7, 2021 letter to the FTC. This failure to attend is particularly notable because, on April 8, 2021 -- the very next day and two weeks in advance of the hearing -- the FTC articulated to Manatt, *inter alia*, that the firm: (1) had "presented no evidence . . . that would allow the FTC to take reasonable steps to avoid imposing undue burden or expense on Manatt," but (2) could attend the discovery hearing in front of Magistrate Judge Torres to make its objections. Regardless, to date, Manatt has made no proffer of a single step it has taken to locate responsive documents or why doing so would be burdensome, only asserting vaguely that the documents are seven years old.

As you are undoubtedly aware, one cannot simply assert that a subpoena is "overly broad and unduly burdensome" to avoid compliance with a lawful subpoena. *See Coleman v. Lennar Corp.*, 2018 WL 3672251, at *3 (S.D. Fla. June 14, 2018) ("objections simply stating that a request is 'overly broad, or unduly burdensome' are meaningless"); *id.* ("Courts in the Eleventh Circuit have also cautioned parties that boilerplate objections are borderline frivolous.") (citing *Steed v. EverHome Mortgage Co.*, 308 F. App'x 364, 371 (11th Cir. 2009)). Instead, "the burden of proof in demonstrating that compliance with a subpoena presents an undue burden lies with the party opposing the subpoena, while the party seeking to enforce a subpoena bears the burden of demonstrating that the request is relevant." *Id.* (citing *Fadalla v. Life Auto. Products, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007)). "Claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome." *Eastwood Enterprises, LLC v. Farha*, 2010 WL 11508180, at *4 (M.D. Fla. Apr. 26, 2010) (quoting *Bank of Mongolia v. M&P Global Fin. Servs.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009)). Here, the FTC has already demonstrated relevance, as it set forth during the discovery hearing Manatt did not attend. In contrast, Manatt has made no specific proffer as to why responding to the FTC's fourth and fifth document requests is burdensome, despite numerous invitations to do so. Accordingly, its objections appear frivolous, designed to delay discovery of further relevant information, and will be overruled.

We expect Manatt to complete its production of documents expeditiously. If it does not, we expressly reserve all rights otherwise to enforce the subpoena, including seeking appropriate and immediate orders against the firm.

Sincerely,

*/s/ Christopher Erickson*
Christopher Erickson

cc:     Counsel of Record (via email)
        Rebecca Kimmel (rkimmel@manatt.com)

**Exhibit 21**
**Page 2 of 2**

# manatt

April 30, 2021

**BY E-MAIL**

Christopher Erickson
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580

> Re:   **Subpoena Addressed to Non-Party Manatt, Phelps & Phillips, LLP;**
>       ***Federal Trade Commission v. On Point Global LLC, et al.,***
>       **Case No. 1:19-CV-25046-SCOLA (S.D. Fla.)**

Dear Mr. Erickson:

We write in response to your letter of April 27, 2021.  As we have noted a number of times, the FTC's non-party subpoena addressed to my firm is governed by Rule 45 of the Federal Rules of Civil Procedure.  Our responses and objections to the subpoena, and our production in response to the subpoena, complied with that rule.

On April 7, 2021, we served objections pursuant to Rule 45(d)(2)(B).  That letter was no surprise; in our telephone call on April 2, 2021, we said we would not be moving to quash the subpoena and would be serving a letter pursuant to Rule 45.  In addition, on April 26, 2021, when we produced documents in response to the subpoena, we included Objections and Responses to the Non-Party Subpoena, which objected and responded to the subpoena, by numbered request.

We also reviewed the transcript that you sent of the April 22, 2021 discovery hearing before Judge Torres.  Our letter of April 7, 2021 clearly invoked Rule 45(d)(2)(B).  Accordingly, we were quite surprised by the FTC's description of our April 7 letter:

> THE COURT: Okay. And did Manatt file objections or only the Defendant?

> FTC COUNSEL: Well, initially, Manatt was not objecting to the subpoena. They have since sent the FTC a letter stating that they would not respond until the Court ruled, essentially, on the Defendants' objection.

> THE COURT: Okay.

**Exhibit 22**
**Page 1 of 3**

# manatt

> FTC COUNSEL: They also raised in a pretty cursory fashion -- they just
> asserted that it would be burdensome for them to respond and that it could
> invade privileges. They didn't provide any information about that. The FTC
> sent a responsive letter urging them to, if they wished to make any objections
> on their own behalf, to make those known to the Court at or before this hearing
> [Indiscernible] this hearing or to file objections previously.   To my
> knowledge, they haven't done that.  And I don't believe that they're here.  So
> I don't know if they intend to try to raise any objections on their own behalf.

Tr. 11:16 – 12:8.  (Of course, we do not have the complete court transcript, only excerpts you
sent us, so I do not know whether our objections are more fully described elsewhere during the
hearing.)  In any case, Rule 45 does not require a non-party to affirmatively make its objections
"known to the Court."  Rule 45 also does not require a non-party to initiate motion practice
concerning the scope of a non-party subpoena.

In fact, Rule 45 has been amended numerous times so that the process for non-party
subpoena practice is precisely and clearly laid out.  First, the rule allows a non-party to serve
objections within 14 days of receipt of a subpoena or before the time specified for
compliance.  *See* Fed. R. Civ. P. 45(d)(2)(B).  Our April 7, 2021 letter invoked that rule and
adhered to that procedure.

Second, the rule delineates the process the party or attorney issuing the subpoena must
follow upon receipt of objections pursuant to Rule 45(d)(2)(B).  Specifically, pursuant to Rule
45(d)(2)(B)(i), the serving party may move for an order compelling production or inspection in
the district in which compliance is required in the event a non-party objects pursuant to
45(d)(2)(B):

> At any time, on notice to the commanded person, the serving party may
> move the court for the district where compliance is required for an order
> compelling production or inspection.

Notably, Rule 45(d)(2)(B)(i) requires a motion to compel be made in "the district where
compliance is required."  Therefore, were the FTC to move to compel compliance, the motion
must be made in the United States District Court for the Southern District of New York.  *See*
Fed. R. Civ. P. 45, Advisory Committee's Note to 2013 Amendment; *see also Arrowhead Cap.
Fin., Ltd. v. Seven Arts Ent., Inc*., No. 14 CIV. 6512 (KPF), 2021 WL 411379, at *2 (S.D.N.Y.
Feb. 5, 2021) (defining the "court for the district where compliance is required" under Rule 45).
It also requires that the motion be on notice.

Finally, in our telephone call on April 7, 2021, you threatened to seek an order of
contempt in the event we did not promptly produce documents.  Your recent letter threatens to

**Exhibit 22**
**Page 2 of 3**

# manatt

seek "immediate orders against the firm."   I respectfully suggest that rather than make threats, you follow the procedures set forth in Rule 45.  If you wish to discuss this matter or our objections, we are available.  And in the event the FTC seeks relief from the court, please include a copy of this letter.

Very truly yours,

Ronald G. Blum

cc:   By Email

Sarah Waldrop; Sana Chaudhry; Matthew L. Schwartz; Marshall Louis; John Zach; Sabina Mariella; Sophie Loewenstein; Brianna Hills; Robert Thielhelm; Robert D. Sowell; Jonathan B. New; Meghan Kelly; Thomas Donaho; William W. Oxley; Justin Kaplan; Xavier Franco; Solomon Genet; Kenneth Murena; Elizabeth P. Foley.

Exhibit 22
Page 3 of 3

## Erickson, Christopher

| | |
|---|---|
| **From:** | Erickson, Christopher |
| **Sent:** | Thursday, May 6, 2021 11:49 AM |
| **To:** | Blum, Ronald G. |
| **Cc:** | Waldrop, Sarah; Chaudhry, Sana; Kimmel, Rebecca |
| **Subject:** | Subpoena in FTC v. On Point Global LLC, No. 19-cv-25046 |

Ron,

We write to follow up on yesterday's conversation.  We remain disappointed in the apparent lack of steps Manatt has taken to comply with a lawful subpoena.  Specifically, based on statements you made during the call, we understand that the firm still has not searched for documents responsive to the FTC's fourth and fifth document requests.  As you know, the issuing court, the Southern District of Florida, has already ruled that subpoena seeks information relevant to the FTC's claims and ordered enforcement of the subpoena following one defendant's motion to quash.  Thus, if we are forced to compel production, we will have already met our "initial burden of proving the discovery is relevant," and you will "bear[] the burden of demonstrating that production would impose an undue burden."  *See Jam Indus. USA, LLC v. Gibson Brands, Inc.*, 2020 WL 4003280, at *3 (S.D.N.Y. July 15, 2020) (citing *Citizens Union of City of New York v. Attorney General of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017)).  To demonstrate undue burden, you "generally must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."  *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009) (quoting 9 James Wm. Moore et al., Moore's Federal Practice ¶ 45.51[4] (3d ed. 2009)).  If this matter proceeds to motion practice, we will be sure to point out Manatt's repeated and month-long refusal to state an actual basis for undue burden, as well as its refusal to provide any evidence for asserting that purported burden, besides its vague and insufficient assertion that the documents are seven years old.  Notably, the FTC has made tailored document requests and, as you noted during yesterday's call, the files are in Manatt's possession.

With that being said, we remain open to narrowing the scope of the subpoena to preserve the resources of the FTC and Manatt, avoid unnecessary motion practice, and avoid undue burden or expense.  Based on its response to the FTC's second document request, it is evident that, based on billing records, Manatt can easily determine the timekeepers for the three clients for which it has already produced retainer agreements.  The FTC proposes narrowing the subpoena so that Manatt need only review the communications of any timekeeper identified in these billing records (as well as Karen McQuade, Caroline Grant, and any other administrative professional who assisted the identified timekeepers with scheduling or their correspondence, or who corresponded with anyone who made the payment identified in Manatt's production as MPP0000032), for the time period of September 1, 2014 to June 30, 2015.  Manatt must then immediately produce responsive documents, and provide a privilege log for any otherwise responsive communication it does not produce due to a purported privilege.  If our review of your subpoena response indicates that there are additional custodians who were not identified, Manatt would then search those custodians for the same time period.  We will not agree to search terms.

Please let us know by 6 PM tomorrow if Manatt will agree to such an arrangement.

Best regards,
Chris

Christopher J. Erickson
Federal Trade Commission
Bureau of Consumer Protection
Division of Enforcement
600 Pennsylvania Avenue, NW, CC-9528

**Exhibit 23**
**Page 1 of 2**

Washington, DC 20580
Phone: (202) 326-3671
Fax:  (202) 326-3197

# manatt

**Ronald G. Blum**
Manatt, Phelps & Phillips, LLP
Direct Dial:  (212) 830-7186
rblum@manatt.com

May 10, 2021


**BY EMAIL**


Christopher Erickson
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580


> Re:    **Non-Party Subpoena Addressed to Manatt, Phelps & Phillips, LLP;**
> ***Federal Trade Commission v. On Point Global LLC, et al.,***
> **Case No. 1:19-CV-25046-SCOLA (S.D. Fla.)**

Dear Chris:

We write to follow up on our telephone conversation of May 5, 2021 and in response to your email of May 6, 2021.  We will not reiterate the points in our prior correspondence, including those in our letter pursuant to Rule 45(d)(2)(B) dated April 7, 2021, our Responses and Objections dated April 26, 2021, and our April 30, 2021 letter explaining that Manatt has adhered to the procedures set forth in Rule 45 and noting that the FTC inaccurately failed to explain to Magistrate Judge Torres that Manatt had objected to the subpoena in the manner prescribed by Rule 45.

In our telephone call last week, I stated that the FTC's requests numbered four and five were unduly burdensome because they demand my firm review and produce many gigabytes of emails for more than three years for multiple attorneys.  I asked whether you had search terms to propose and would narrow your demands.

Your response by email the next day narrowed the time period for those requests but expanded other aspects of the requests.  Specifically, your May 6 email proposes to shorten the time period to 10 months in 2014 and 2015.  However, it also demands that, for three matters, my firm search emails of all timekeepers.  In addition to timekeepers, it demands we search and review records of administrative professionals, including "Karen McQuade, Caroline Grant, and any other administrative professional who assisted the identified timekeepers with scheduling or their correspondence."  It requires my firm to immediately produce documents and a privilege log.  It demands agreement to further searches if the FTC concludes additional custodians should be searched.  And the email reports the FTC "will not agree to search terms."

The FTC's requests numbered four and five, as described in your May 6 email, are still unduly burdensome.  First, on one of the three matters alone, there are seven timekeepers.  One of

---

7 Times Square, New York, New York  10036  Telephone:  212.790.4500  Fax:  212.790.4545

Albany | Boston | Chicago | Los Angeles | New York | Orange County | Palo Alto | Sacramento | San Francisco | Washington, D.C.

**Exhibit 24**
**Page 1 of 2**

# manatt

Christopher Erickson
May 10, 2021
Page 2

the timekeepers has 2.5 gigabytes of emails for the 10-month period.  Another has 1.5 gigabytes for the period.  The number of pages in a gigabyte depends on the types of files.  But by way of estimates, LexisNexis approximates that 1 gigabyte of emails is about 100,000 pages.  Therefore, the emails of just two of the seven timekeepers could total 400,000 pages.  By that calculation, seven timekeepers would have well over one million pages of emails.  And that does not include emails of administrative personnel, which you also demand we search and produce.

Not only the volume of documents makes the request unduly burdensome, but the nature of these documents makes a search and review significantly more time-consuming and difficult than in other circumstances.  In addition to emails and attachments being reviewed for responsiveness, they would have to be reviewed to determine if they contain attorney-client privileged material or attorney work product.

Further, as I mentioned in our telephone call, copies of the files and many of the electronic communications concerning these matters were given to BakerHostetler when our former partner Linda Goldstein moved to that firm.  Yet it appears the FTC did not ask BakerHostetler, counsel to a party in the underlying action, to search its electronic communications.

Accordingly, we reiterate our objections on the ground of burden to requests numbered four and five in the FTC's non-party subpoena duces tecum addressed to Manatt.  Even as described in your May 6, 2021 email, those requests are unduly burdensome for a non-party.  This letter is not a complete statement of my firm's rights and arguments, including the right to seek protection from or reimbursement of expenses pursuant to Rule 45(d)(2)(B)(ii).

Very truly yours,

Ronald G. Blum

cc:    By Email

       Sarah Waldrop, Esq.
       Sana Chaudhry, Esq.

Exhibit 24
Page 2 of 2



United States of America
## FEDERAL TRADE COMMISSION

Division of Enforcement
Bureau of Consumer Protection

**Sarah Waldrop**                                              **Christopher J. Erickson**
**(202) 326-3444; swaldrop@ftc.gov**                          **(202) 326-3671; cerickson@ftc.gov**

**Sana Chaudhry**
**(202) 326-2679; schaudhry@ftc.gov**

May 13, 2021

*VIA EMAIL* **(RBlum@manatt.com)**
Manatt, Phelps & Phillips, LLP
Attn:  Ronald G. Blum, Esq.
7 Times Square
New York, NY 10036

Re:     *Federal Trade Commission v. On Point Global LLC, et al.*
        **Case No. 1:19-CV-25046-SCOLA (S.D. Fla.)**

Mr. Blum:

We write regarding the subpoena the FTC issued to Manatt, Phelps & Phillips, LLP ("Manatt") on March 24, 2021; our email of May 6, 2021, which proposed limitations on the scope of the subpoena (Attachment 1); and your May 10, 2021 response to that proposal.  We note that your May 10th letter is the first time Manatt has identified documents in response to the FTC's fourth and fifth document requests.  We write to solicit further factual detail about Manatt's purported burden, and to propose a method and search limitations by which Manatt may expeditiously produce responsive documents.

First, to assert burden, you merely describe the size of total email data for two timekeepers for the relevant time period (September 1, 2014 through June 30, 2015) without providing any specifics about total number of relevant custodians or de-duplicated emails. Specifically, over a month and a half after receiving the subpoena, all you state is that one of the timekeepers purportedly possesses 2.5 gigabytes of emails and a second has 1.5 gigabytes of emails, and you refer to a LexisNexis article for which you do not provide a citation.  By doing so, you have misleadingly cast the FTC's effort to narrow Manatt's search to particular timekeepers to instead "expand" it.  Yet, you do not describe whether (1) the timekeepers or other custodians organize their emails in a way that could limit Manatt's review for responsive documents (for example, placing emails into different folders organized by client or matter), or (2) you have taken any steps to identify the relevant custodians based on the FTC's May 6 letter and de-duplicate communications possessed by multiple custodians.[1]  Please explain in detail

_____

[1] We note that Manatt collected just $31,549.56 during the relevant time period from or for the benefit of Burton Katz, and $172,487.51 during the entirety of its representation (including $64,241.28 with the narrative "Jonathan Smyth").  *See* MPP0000024 (Manatt's response to the FTC's second document request).  We also note that Linda Goldstein's hourly

Page 1 of 3

**Exhibit 25**
**Page 1 of 6**

how the custodians organize their communications and whether you have taken any steps to identify the volume of de-duplicated documents.  This would be a step toward resolving this subpoena dispute.

Second, you baselessly state that "the nature of these documents makes a search and review significantly more time-consuming and difficult than in other circumstances."  Although we disagree with your unsupported assertions of burden, to accommodate your concerns, the FTC proposes that Manatt (1) need not review nor produce any communications exclusively between people with manatt.com email addresses (e.g., Manatt need not review nor produce any purely internal emails) and (2) need not review nor produce any communications had a person with a manatt.com email address had (a) only with Burton Katz, (b) only with Jonathan Smyth, or (c) only with those two individuals (e.g., Manatt need not review nor produce any emails for which the attorney-client privilege potentially exists).[2]  We propose that Manatt produce all remaining documents for the time period and personnel identified in the FTC's May 6, 2021 email.  Such a production should allay concerns about burden, the attorney-client privilege, and work product.

Third, you speculate that the FTC could obtain these materials from BakerHostetler because purportedly "copies of the files and many of the electronic communications concerning these matters were given to BakerHostetler when . . . Linda Goldstein moved to that firm."  Of course, by your own admission, this means that Manatt is in possession of electronic communications that Ms. Goldstein does not possess and therefore could not produce to the FTC. Additionally, as we noted during our call last week, the FTC has requested such documents from Mr. Katz and all "entities, employees, agents, consultants, and other persons working for or on behalf of him, directly or indirectly," which includes his attorney, Ms. Goldstein.  Specifically, in its July 2020 First Set of Requests for Production of Documents to Defendant Burton Katz, the FTC demanded "All Documents relating to the Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief As To Defendants Burton Katz and Jonathan Smyth entered on October 16, 2014, in *FTC v. Acquinity Interactive, LLC, et al.*, Case No. 0:14-cv-60166-RNS (S.D. Fla.) (the '2014 Order')" and "All Documents relating to any effort You made to comply with the 2014 Order."  It separately sent a compliance demand to Mr. Katz relating to Mr. Katz's communications with Mr. Zangrillo regarding the *Acquinity* order.  Katz has not produced the documents the FTC seeks from Manatt, either in response to the FTC's Requests for Production or its compliance demand.

Fourth, you again improperly characterize the FTC's response to Magistrate Judge Torres' questions during the April 22, 2021 discovery hearing about Manatt's objections.  We maintain that we accurately conveyed your position, and note that on April 8, 2021, we invited

---

rate for the representation was apparently $760, *see* MPP0000002.  For a firm of Manatt's size (the National Law Journal reported that Manatt had over $322 million in gross revenues in 2019, *see* https://www.law.com/law-firm-profile/?id=197&name=Manatt), this matter appears to be a relatively small one where fewer documents would likely exist to review.

[2] Notably, Manatt's attorney-client relationships with Brent Levison and Arlene Mahon began after June 30, 2015, which remains the proposed cut-off date.  *See* MPP0000008, MPP0000015.

you to the hearing to make your objections, and that you did not respond to that letter.  We further note that your letter of April 30, 2021 was the first occasion on which you specifically made your objection about requiring compliance in the Southern District of New York.  Nothing prevented Manatt from attending the hearing in front of Magistrate Judge Torres, which would have allowed Manatt to make all of the arguments it desired as to burden and preserved the resources of the FTC and Manatt.

We remain willing to work with Manatt in order to reduce its purported burden, and believe that our proposal above represents a reasonable compromise.  But reducing burden is a two-way street.  Manatt's continued failure to provide specific details about its burden -- other than providing the total email data size for two of unidentified number of custodians without describing how those custodians organize their files or if those files have been de-duplicated -- is entirely unwarranted at this stage and prevents us from resolving the dispute and doing so expeditiously.[3]

Sincerely,

*/s/ Christopher Erickson*
Christopher Erickson

Attachment

cc:     Rebecca Kimmel (rkimmel@manatt.com)

---

[3] Because Manatt has not elaborated on its position on other issues, including "the right to seek protection from or expenses pursuant to Rule 45(d)(2)(B)(ii)," we do not respond to them, and reserve all rights to make further arguments if Manatt raises those issues at a later point.

Page 3 of 3

Exhibit 25
Page 3 of 6

# Attachment 1

**Exhibit 25**
**Page 4 of 6**

**Erickson, Christopher**

| | |
|---|---|
| **From:** | Erickson, Christopher |
| **Sent:** | Thursday, May 6, 2021 11:49 AM |
| **To:** | Blum, Ronald G. |
| **Cc:** | Waldrop, Sarah; Chaudhry, Sana; Kimmel, Rebecca |
| **Subject:** | Subpoena in FTC v. On Point Global LLC, No. 19-cv-25046 |

Ron,

We write to follow up on yesterday's conversation.  We remain disappointed in the apparent lack of steps Manatt has taken to comply with a lawful subpoena.  Specifically, based on statements you made during the call, we understand that the firm still has not searched for documents responsive to the FTC's fourth and fifth document requests.  As you know, the issuing court, the Southern District of Florida, has already ruled that subpoena seeks information relevant to the FTC's claims and ordered enforcement of the subpoena following one defendant's motion to quash.  Thus, if we are forced to compel production, we will have already met our "initial burden of proving the discovery is relevant," and you will "bear[] the burden of demonstrating that production would impose an undue burden."  *See Jam Indus. USA, LLC v. Gibson Brands, Inc.*, 2020 WL 4003280, at *3 (S.D.N.Y. July 15, 2020) (citing *Citizens Union of City of New York v. Attorney General of New York*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017)).  To demonstrate undue burden, you "generally must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."  *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 293, 300 (S.D.N.Y. 2009) (quoting 9 James Wm. Moore et al., Moore's Federal Practice ¶ 45.51[4] (3d ed. 2009)).  If this matter proceeds to motion practice, we will be sure to point out Manatt's repeated and month-long refusal to state an actual basis for undue burden, as well as its refusal to provide any evidence for asserting that purported burden, besides its vague and insufficient assertion that the documents are seven years old.  Notably, the FTC has made tailored document requests and, as you noted during yesterday's call, the files are in Manatt's possession.

With that being said, we remain open to narrowing the scope of the subpoena to preserve the resources of the FTC and Manatt, avoid unnecessary motion practice, and avoid undue burden or expense.  Based on its response to the FTC's second document request, it is evident that, based on billing records, Manatt can easily determine the timekeepers for the three clients for which it has already produced retainer agreements.  The FTC proposes narrowing the subpoena so that Manatt need only review the communications of any timekeeper identified in these billing records (as well as Karen McQuade, Caroline Grant, and any other administrative professional who assisted the identified timekeepers with scheduling or their correspondence, or who corresponded with anyone who made the payment identified in Manatt's production as MPP0000032), for the time period of September 1, 2014 to June 30, 2015.  Manatt must then immediately produce responsive documents, and provide a privilege log for any otherwise responsive communication it does not produce due to a purported privilege.  If our review of your subpoena response indicates that there are additional custodians who were not identified, Manatt would then search those custodians for the same time period.  We will not agree to search terms.

Please let us know by 6 PM tomorrow if Manatt will agree to such an arrangement.

Best regards,
Chris

Christopher J. Erickson
Federal Trade Commission
Bureau of Consumer Protection
Division of Enforcement
600 Pennsylvania Avenue, NW, CC-9528

Washington, DC 20580
Phone: (202) 326-3671
Fax:  (202) 326-3197

## Erickson, Christopher

| | |
|---|---|
| **From:** | Erickson, Christopher |
| **Sent:** | Wednesday, May 19, 2021 11:07 AM |
| **To:** | Blum, Ronald G. |
| **Cc:** | Kimmel, Rebecca; Waldrop, Sarah; Chaudhry, Sana |
| **Subject:** | RE: Federal Trade Commission v. On Point Global LLC, et al., Case No. 1:19-CV-25046-SCOLA - Non-Party Subpoena |

Ron,

We apologize as to the unfortunate timing for you, and stress that we have no intent to be unreasonable. With that being said, we believe that our May 13th proposal represents a significant effort to remove any undue burden, privilege, and work product issues for Manatt (issues you raised during the meet and confer process). Our proposal should therefore accommodate (1) Manatt's concerns as a non-party and (2) the FTC's forthcoming litigation deadlines in the Southern District of Florida cases. I was simply seeking some confirmation that the proposal was agreeable.

This coming Monday (May 24), Manatt will have been in possession of the FTC's subpoena for two months. To date, Manatt has not produced a single document in response to the FTC's fourth and fifth document requests. The fourth request has always been limited to communications Manatt had with a non-client, Robert Zangrillo (and his representatives). Further, for both requests, Manatt now need not review nor produce any purely internal communication, or any communications it had solely with its clients Katz or Smyth.

We have sought throughout the past two months to lessen the search burden here, but at this stage of the FTC litigation there is no way to avoid the need for documents responsive to the narrowed two requests. Unless Manatt has made substantial progress in responding to the fourth and fifth document responses in the subpoena by May 24, the FTC will move to compel.

Chris

Christopher J. Erickson
Federal Trade Commission
Bureau of Consumer Protection
Division of Enforcement
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC 20580
Phone: (202) 326-3671
Fax: (202) 326-3197

---

**From:** ronaldgblum@gmail.com <ronaldgblum@gmail.com>
**Sent:** Tuesday, May 18, 2021 6:03 PM
**To:** Erickson, Christopher <cerickson@ftc.gov>
**Cc:** Kimmel, Rebecca <RKimmel@manatt.com>; Waldrop, Sarah <swaldrop@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>
**Subject:** Re: Federal Trade Commission v. On Point Global LLC, et al., Case No. 1:19-CV-25046-SCOLA - Non-Party Subpoena

**Exhibit 26**
**Page 1 of 3**

Your demand at 8:20 pm last night for a response today is unreasonable, especially since my firm is a nonparty to the litigation and you do not even attempt to explain the urgency. I am tied up on a matter.

Sent from my iPhone

On May 17, 2021, at 8:23 PM, Erickson, Christopher <cerickson@ftc.gov> wrote:

[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.

Counsel,

Please let us know by close of business tomorrow (5/18) if Manatt agrees to the FTC's proposal, which we outlined in our May 13, 2021 letter.

Chris

Christopher J. Erickson
Federal Trade Commission
Bureau of Consumer Protection
Division of Enforcement
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC 20580
Phone: (202) 326-3671
Fax:  (202) 326-3197

**From:** Erickson, Christopher
**Sent:** Thursday, May 13, 2021 2:25 PM
**To:** Kimmel, Rebecca <RKimmel@manatt.com>; Blum, Ronald G. <RBlum@manatt.com>
**Cc:** Waldrop, Sarah <swaldrop@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>
**Subject:** RE: Federal Trade Commission v. On Point Global LLC, et al., Case No. 1:19-CV-25046-SCOLA - Non-Party Subpoena

Ron, Rebecca:

Please see the attached correspondence.

Best regards,
Chris

Christopher J. Erickson
Federal Trade Commission
Bureau of Consumer Protection
Division of Enforcement
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC 20580

Phone: (202) 326-3671
Fax:  (202) 326-3197

---

**From:** Kimmel, Rebecca <RKimmel@manatt.com>
**Sent:** Monday, May 10, 2021 6:21 PM
**To:** Erickson, Christopher <cerickson@ftc.gov>
**Cc:** Blum, Ronald G. <RBlum@manatt.com>; Waldrop, Sarah <swaldrop@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>
**Subject:** Federal Trade Commission v. On Point Global LLC, et al., Case No. 1:19-CV-25046-SCOLA - Non-Party Subpoena

Chris,

Please see the attached correspondence in regard to the above-referenced matter.

Best,
Rebecca


**Rebecca Kimmel**
Associate

---

**Manatt, Phelps & Phillips,** LLP
7 Times Square
New York, NY 10036
**D** (212) 704-1977 **F** (212) 790-4545
RKimmel@manatt.com

manatt.com
<image001.png>

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

# manatt

May 21, 2021

**BY EMAIL**

Christopher Erickson
Federal Trade Commission
600 Pennsylvania Ave., NW
Washington, DC 20580

      **Re:**    **Non-Party Subpoena Addressed to Manatt, Phelps & Phillips, LLP;**
              *Federal Trade Commission v. On Point Global LLC, et al.,*
              **Case No. 1:19-CV-25046-SCOLA (S.D. Fla.)**

Dear Chris:

      We write in response to your letter of May 13, 2021 and your email of May 19, 2021.  For a variety of reasons, the FTC's new proposal is also unreasonably burdensome.  Our response here is limited to those reasons; the FTC's characterizations of our arguments as "baseless," "unsupported," and "improper" are unnecessarily inflammatory in connection with a discovery dispute among counsel.  We are ignoring such comments at this time, other than to note we disagree.

      First, the FTC's proposal would encompass myriad communications with Manatt clients unrelated to the case at hand.  Accordingly, my firm would still have to search well over one million pages of emails and undertake a cumbersome review for responsiveness and privilege, as described in my May 10th letter.

      Second, your proposal would require exporting many gigabytes of potentially responsive emails to a vendor's platform for review.  We cannot de-duplicate emails in Outlook.  Eliminating internal firm communications also cannot be accomplished in Outlook and would require a review platform.  In fact, even simple word searches in emails in Outlook are error-prone.  *See generally*, George Socha and Margaret Wolf, *Why Can't I Just Review it in Outlook?*, https://judicialstudies.duke.edu/wp-content/uploads/2018/04/JUDICATURE102.1-EDISCOVERY.pdf.  The cost of using a vendor's platform depends on the volume of material.  As we mentioned in our May 10th letter, your proposal requires a search and review of the mailboxes of seven timekeepers, as well as at least two administrative personnel.  As that letter explains, extrapolation suggests that each timekeeper has between 1 and 3 gigabytes of material for the time period you propose, totaling between 9 and 27 gigabytes of emails for the time period.

**Exhibit 27**
**Page 1 of 2**

# manatt

Third, the FTC is unwilling to negotiate search terms.  Your refusal to do so means my firm would have to devise search terms in a matter in which we are not a party, and then perform a cumbersome and costly review and production with no assurance that the FTC would not seek further and repeated reviews and productions.

Fourth, your May 19th email demands "communications Manatt had with a non-client, Robert Zangrillo (and his representatives)."  You have not identified and we do not know who are "his representatives."

If the FTC is willing to discuss paying the cost of a vendor processing and hosting the material, as contemplated by Rule 45(d)(2)(B)(ii), and is willing to negotiate search terms, we are willing to continue discussions.  Otherwise, continuing this letter-writing campaign seems unlikely to be fruitful.

Very truly yours,

Ronald G. Blum

cc:     By Email

        Sarah Waldrop, Esq.
        Sana Chaudhry, Esq.

Exhibit 27
Page 2 of 2



United States of America
**FEDERAL TRADE COMMISSION**

Division of Enforcement
Bureau of Consumer Protection

**Sarah Waldrop**                                                    **Christopher J. Erickson**
**(202) 326-3444; swaldrop@ftc.gov**                **(202) 326-3671; cerickson@ftc.gov**

**Sana Chaudhry**
**(202) 326-2679; schaudhry@ftc.gov**

May 21, 2021

*VIA EMAIL* **(RBlum@manatt.com)**
Manatt, Phelps & Phillips, LLP
Attn:  Ronald G. Blum, Esq.
7 Times Square
New York, NY 10036

Re:     *Federal Trade Commission v. On Point Global LLC, et al.*
          **Case No. 1:19-CV-25046-SCOLA (S.D. Fla.)**

Ron,

Thank you for your letter from earlier today, which responded to my May 13th letter and May 19th email.  We are struggling to square (1) Manatt's apparent opposition to using a document review platform with (2) its continued advocacy for using search terms and (3) its assertion that "even simple word searches in emails in Outlook are error-prone."  In order to use search terms, under Manatt's logic, it appears that it would be necessary to load documents to a document review platform.  Please let us know (1) whether Manatt takes that position and (2) if Manatt has received an estimate as to the cost of doing so.

We note that Manatt has continued to make assertions regarding the quantity of pages it would have to review based on a source it still has not cited, and that its estimates as to the size of the data for nine custodians are based solely on extrapolation from the size of total email data for two timekeepers.  Furthermore, as should be clear, the FTC's proposal would enable Manatt to avoid conducting hand-review of documents, significantly reducing any burden to Manatt.

In addition to the questions listed above, please let us know if there is anything else you believe we need to know before we decide how to proceed.  We would, of course, prefer to reach a resolution without motions practice.

Please let us know by close of business on Monday.

Sincerely,
*/s/ Christopher Erickson*
Christopher Erickson

cc:     Rebecca Kimmel (rkimmel@manatt.com)

Page 1 of 1

**Exhibit 28**
**Page 1 of 1**

**Erickson, Christopher**

| | |
|---|---|
| **From:** | Kimmel, Rebecca <RKimmel@manatt.com> |
| **Sent:** | Tuesday, May 25, 2021 10:21 AM |
| **To:** | Erickson, Christopher; Restrepo, Sara; Blum, Ronald G. |
| **Cc:** | Waldrop, Sarah; Chaudhry, Sana |
| **Subject:** | RE: Federal Trade Commission v. On Point Global LLC, et al., Case No. 1:19-CV-25046-SCOLA - Non-Party Subpoena |

Chris,

Yes, responding to these requests requires use of a vendor.

Best regards,
Rebecca


**Rebecca Kimmel**
Associate

**Manatt, Phelps & Phillips,** LLP
7 Times Square
New York, NY 10036
**D** (212) 704-1977 **F** (212) 790-4545
RKimmel@manatt.com

**manatt.com**



CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

**From:** Erickson, Christopher <cerickson@ftc.gov>
**Sent:** Friday, May 21, 2021 4:31 PM
**To:** Restrepo, Sara <SRestrepo@manatt.com>; Blum, Ronald G. <RBlum@manatt.com>
**Cc:** Kimmel, Rebecca <RKimmel@manatt.com>; Waldrop, Sarah <swaldrop@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>
**Subject:** RE: Federal Trade Commission v. On Point Global LLC, et al., Case No. 1:19-CV-25046-SCOLA - Non-Party Subpoena

**[EXTERNAL] Please do not reply, click links, or open attachments unless you recognize the source of this message and know the content is safe.**

Ron,

Please see the attached correspondence.

Best regards,
Chris

Christopher J. Erickson
Federal Trade Commission
Bureau of Consumer Protection
Division of Enforcement
600 Pennsylvania Avenue, NW, CC-9528
Washington, DC 20580
Phone: (202) 326-3671
Fax:  (202) 326-3197

---

**From:** Restrepo, Sara <SRestrepo@manatt.com>
**Sent:** Friday, May 21, 2021 1:01 PM
**To:** Erickson, Christopher <cerickson@ftc.gov>
**Cc:** Blum, Ronald G. <RBlum@manatt.com>; Kimmel, Rebecca <RKimmel@manatt.com>; Waldrop, Sarah <swaldrop@ftc.gov>; Chaudhry, Sana <schaudhry@ftc.gov>
**Subject:** Federal Trade Commission v. On Point Global LLC, et al., Case No. 1:19-CV-25046-SCOLA - Non-Party Subpoena

Dear Mr. Erickson:

On behalf of Ronald G. Blum, enclosed please find correspondence with regards to the above-referenced matter.

Thank you,

**Sara Restrepo**
Legal Secretary/Litigation Specialist

**Manatt, Phelps & Phillips,** LLP
7 Times Square
New York, NY 10036
**D** (212) 704-1997 **F** (212) 790-4545
SRestrepo@manatt.com

**manatt.com**



CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply email and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.



United States of America
## FEDERAL TRADE COMMISSION

Division of Enforcement
Bureau of Consumer Protection

**Sarah Waldrop**                                              **Christopher J. Erickson**
**(202) 326-3444; swaldrop@ftc.gov**                           **(202) 326-3671; cerickson@ftc.gov**

**Sana Chaudhry**
**(202) 326-2679; schaudhry@ftc.gov**

May 25, 2021

*VIA EMAIL*
Manatt, Phelps & Phillips, LLP
Attn:  Ronald G. Blum, Esq. (RBlum@manatt.com)
         Rebecca Kimmel, Esq. (RKimmel@manatt.com)
7 Times Square
New York, NY 10036

> **Re:**  *Federal Trade Commission v. On Point Global LLC, et al.*
>          **Case No. 1:19-CV-25046-SCOLA (S.D. Fla.)**

Ron and Rebecca:

We write in response to your email from this morning, in which you for the first time disclosed – after two months – that responding to the FTC's subpoena requires use of a vendor (and not Outlook).  Yet again, you did not respond to our inquiries concerning Manatt's purported burden.  Specifically, you did not state whether Manatt (1) had received an estimate for the cost of a vendor,[1] or (2) believed there was other information the FTC should know before proceeding to motions practice.  Because you have not provided answers to these two inquiries, we assume that you have not received an estimate for the cost of a vendor and do not believe there is anything else that the FTC needs to know, including that purported cost, before moving to enforce the subpoena.

Additionally, we note that you still have not done any of the following related to Manatt's purported burden:

1)      provided a source for your estimate as to the quantity of pages;
2)      identified the custodians to the FTC;

---

[1] We note Manatt's apparent relationship with DISCO:  "'Our firm is always looking for ways to leverage technology to improve client service.  Going all-in on cloud-based discovery was a big step forward — and the right step for us and our business,' said Jim Rosenthal, Manatt director of litigation support.  'DISCO is a big hit with our attorneys and litigation staff, and we're continuing to expand our use of DISCO to other practice groups as its search functionality is unrivaled.'"  *See* Manatt, Phelps & Phillips Goes All In With DISCO (Mar. 14, 2019), https://www.csdisco.com/pressrelease/manatt-phelps-phillips-goes-all-in-with-disco.

**Exhibit 30**
**Page 1 of 2**

3)      provided any estimate as to the size of the email data for seven of nine document custodians to the FTC;

4)      described whether the two other document custodians organized their files in a way so as to limit the universe of potentially responsive documents, or if these documents could be de-duplicated; or

5)      stated whether any additional administrative professionals, beyond the two the FTC identified, are in possession of responsive documents.

Finally, during our call on May 5, 2021, we discussed whether Manatt would provide a business records certification for the documents it did produce in response to the FTC's subpoena.  We attached an example certification to our original subpoena package.  Please let us know if Manatt is willing to provide such a certification so that we may avoid any unnecessary future proceedings.

Sincerely,
*/s/ Christopher Erickson*
Christopher Erickson

**Exhibit 30**
**Page 2 of 2**