UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                   :
FEDERAL TRADE COMMISSION,             :
                                Petitioner,   :
                                                                     :          21 Misc. 466 (LGS)
 -against-                                       :
                                                                     :            <u>ORDER</u>
MANATT, PHELPS & PHILLIPS, LLP,     :
                                  Respondent.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, a conference was held on August 26, 2021, to discuss Petitioner's motion to compel.

WHEREAS, on August 26, 2021, the Court ordered Respondent to produce the seven documents identified in the parties' joint letter (Dkt. No. 20), unless BakerHostetler LLP or Boies Schiller Flexner LLP provide a written basis for the assertion of the attorney-client or other privilege, which Respondent shall file on ECF, in which case Respondent would email to the Court for in-camera review any of the seven documents claimed to be privileged. (Dkt. No. 21.)

WHEREAS, on September 2, 2021, Respondent filed a letter, including Boies Schiller Flexner LLP's and BakerHostetler LLP's written basis for the assertion of the attorney-client privilege and work product doctrine over the seven documents (Dkt. No. 22) and submitted the documents for in-camera review.

WHEREAS, on September 3, 2021, Petitioner filed a letter in response. (Dkt. No. 23.)

WHEREAS, on September 7, 2021, Boies Schiller Flexner LLP emailed a letter to the Court in response to Petitioner's September 3, 2021, letter, which is attached hereto.

WHEREAS, the Court has since reviewed the seven documents and determined that the documents are not covered by the attorney-client privilege, common-interest doctrine or work-product doctrine. The work-product doctrine is inapplicable because the documents were not

"prepared in anticipation of litigation," as required under Federal Rule of Civil Procedure 26(b)(3)(A).  The documents are not protected by the attorney-client privilege because the emails are not exclusively between a client and his or her attorney.  Bryce Johnson, a third-party, is included on all seven emails.  In addition, the emails do not appear to be sent for the purpose of obtaining or providing legal advice.  *See United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011) ("The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice.").  Nor has Respondent established that the common interest doctrine applies.  *VR Optics, LLC v. Peloton Interactive, Inc.*, No. 16 Civ. 6392, 2019 WL 2121690, at *3 (S.D.N.Y. May 15, 2019) ("To be eligible for this exception, the disclosure must be made in circumstances where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel . . . in the course of an ongoing common enterprise . . . [and] multiple clients share a common interest about a legal matter.")  Even if the common interest doctrine applied, the doctrine would not cover the emails in question because the emails contain no legal advice.  Restatement (Third) of the Law Governing Lawyers § 76, cmt. d (2000) ("The exchanged communication must itself be privileged.  The doctrine does not create new kinds of privileged communications aside from client-lawyer and similar types of communications[.]").  It is hereby

ORDERED that, by **September 17, 2021**, Respondent shall produce the seven documents in question.

Dated: September 15, 2021
    New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**



MATTHEW L. SCHWARTZ
Tel.:  (212) 303-3646
E-mail:  mlschwartz@bsfllp.com

September 7, 2021

**VIA EMAIL**

Honorable Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007
Schofield_nysdchambers@nysd.uscourts.gov

>   Re:   *Federal Trade Commission v. Manatt, Phelps & Phillips, LLP*,
>         Case No. 21 Misc. 466 (LGS)

Dear Judge Schofield:

  We represent Robert Zangrillo, Dragon Global Holdings LLC, Dragon Global Management LLC, Dragon Global LLC, and On Point Capital Partners LLC (collectively, the "Dragon Defendants").  We write to address several accusations that the FTC lodged against the Dragon Defendants in its letter dated September 3, 2021, in addition to several factual and legal inaccuracies.  ECF No. 23.

  First, the FTC accuses the Dragon Defendants of misrepresenting that the FTC issued its subpoena in an attempt to generate evidence of contempt.  This is not true.  When it served Manatt, Phelps & Phillips, LLP ("Manatt") with the subpoena, the FTC made very clear that its intent was to find evidence that Mr. Zangrillo knew about the 2014 order in *Acquinity*, a case to which he was not a party, even though the Court had not issued an order to show cause as to Mr. Zangrillo (and, at the time, the FTC had not even requested such an order).  *See* ECF No. 11-2.  The fact that the FTC has attempted to come up with after-the-fact arguments for why the documents it seeks could also be relevant to the *On Point* case now that the Court has rejected its request for an order to show cause as to Mr. Zangrillo does not change this.  And as the Court can see from the face of the documents, the documents are not relevant to the *On Point* case.

  Second, the FTC accuses the Dragon Defendants of telling "two stories" to "two different courts" because they submitted a declaration from Bryce Johnson to this Court stating that his September 2014 emails with Manatt related to the potential acquisition of DMV.com, but stated in a summary judgment motion in *On Point* that Burton Katz was presented with the opportunity to purchase DMV.com "at some point" after October 2014.  This one-month discrepancy (which, as we explain below, is not actually a discrepancy) hardly amounts to "two stories."  The facts presented in the Dragon Defendants' summary judgment motion were based on Katz's deposition testimony – he testified that he began discussing the DMV.com transaction with Mr. Zangrillo in 2014, but he could not remember the precise timeline (as is to be expected since his deposition occurred approximately six years after the transaction closed).  ECF No. 22-1 at 27:17–24.  Mr. Johnson was able to slightly clarify the timeline in his declaration.  Further, the fact that the DMV.com transaction was not finalized until June 2015 has no bearing on whether the emails at issue related to that transaction.  The FTC itself submitted documents to the Court showing that



DG DMV LLC, the entity used to acquire DMV.com and that was created for that purpose, was formed in October 2014.  ECF No. 2-3 at 83–84, 106; *see also* ECF No. 22-1 at 44:8–45:15.[1]

Third, the FTC's legal position that the common interest doctrine does not apply because the Dragon Defendants "have failed to establish they had agreed on a legal strategy, either orally or in writing" is incorrect.  The FTC's suggestion that the Dragon Defendants and Katz were required to enter into a formal common interest agreement is not supported, as the Dragon Defendants need only show "actual cooperation toward a common legal goal." *In re Rivastigmine Patent Litigation*, No. 05 MD 1661, 2005 WL 2319005, at *4 (S.D.N.Y. Sep. 22, 2005).  As Mr. Johnson's declaration states, and as Katz and Mr. Zangrillo testified during their depositions, Katz and Mr. Zangrillo discussed entering into a transaction together and their attorneys were working together to share information necessary to further a common legal goal.  The FTC does not explain why this is insufficient, and it does not cite any authority for its position.

Fourth, the FTC's contention that the common interest here is solely commercial is also incorrect. It cites only one case in arguing that the Dragon Defendants failed to set out a common legal interest, and that case is easily distinguishable.  In that case, the only "legal" aspect of the transaction at issue "was a desire that the transaction be legally appropriate." *Bank of Am., N.A. v. Terra Nova Ins. Co*., 211 F. Supp. 2d 493, 496 (S.D.N.Y. 2002).  Here, the Dragon Defendants have set out the legal components of the transaction with specificity, which included ensuring that Katz could oversee DG DMV's operations.  See ECF No. 22-1 at 3.  Further, in *Terra Nova*, the relationship between the parties sharing confidential information was debtor and creditor – they were not co-investors on the same side of the transaction, as in this case, but were rather counterparties.  *Id.* at 495.  As the Second Circuit has held, the "financial interest of a party, no matter how large, does not preclude a court from finding a legal interest shared with another party where the legal aspects materially affect the financial interests." *Schaeffler v. United States*, 806 F.3d 34, 42 (2d Cir. 2015). And the FTC does not even attempt to address the cases the Dragon Defendants cited where courts have held that parties to transactions do not waive privilege by sharing information with each other if they have a legal common interest in addition to commercial interests.

Fifth, the FTC challenges Mr. Johnson's sworn representation that he is an attorney and that his duties at Dragon Global included providing legal advice.  The FTC cites a complaint that

---

[1]   The FTC appears to be correct that the emails at issue were sent approximately three weeks after Holly Melton and Burton Katz signed the settlement agreement with the FTC, but the stipulated order in *Acquinity* was not so-ordered by the District Court judge or entered onto the docket until October 2014.  ECF No. 2-1.  The FTC's contempt case relates to that October order, not a settlement agreement, as individuals can be held in contempt of only court orders, not agreements.  Further, under clear Eleventh Circuit precedent, even if Mr. Johnson or our clients actually had notice of a prior (even if substantively identical) version of an as-yet-entered order – which they did not – that could not give rise to a finding of contempt. *Sovereign Military Hospitaller v. Fla. Priory of Knights of Hospitallers*, No. 09-81008-CIV, 2019 WL 4731984, at *5–6 (S.D. Fla. July 10, 2019), *report and recommendation adopted*, 2019 WL 4730235 (S.D. Fla. Aug. 7, 2019) (finding that active participation in settlement negotiations was insufficient to prove contempt of injunction by clear and convincing evidence).

<69>



Mr. Johnson filed against Mr. Zangrillo that had nothing to do with the events at issue, apparently to argue that because that complaint did not mention that Mr. Johnson acted as a lawyer, he never did. But the reality – as Mr. Johnson stated under oath – is that he was a lawyer for Dragon Global. This is not a newfound position to justify a claim of privilege; the Dragon Defendants have put the FTC on notice from literally the inception of this case that Mr. Johnson was a lawyer and that his communications were privileged. For example, in Dragon Global Management LLC's responses to the FTC's interrogatories in the *On Point* case, it listed Mr. Johnson as an attorney. Ex. F at 10. And in a list of attorneys provided to the FTC for the purpose of a privilege review of documents seized from On Point Global, the Dragon Defendants listed Mr. Johnson as a former "Dragon Global GC." Ex. G at 3.[2] The FTC has known that Mr. Johnson acted as an attorney for the Dragon Defendants for nearly two years, so its attempt to now dispute that fact, without any actual evidence, is disingenuous. That Mr. Johnson held "dual roles" does not change his testimony that, in this instance, he was acting as an attorney and the purpose of the communication was to obtain information to provide legal advice.

Finally, the FTC ends its letter by accusing the Dragon Defendants of attempting to "impede" enforcement of the FTC's subpoena to Manatt. But the FTC leaves out important context in contending that the Dragon Defendants threatened to hold the FTC in contempt of a court order "without basis." When the FTC first served discovery requests on the Dragon Defendants, it sought all communications relating to the *Acquinity* order. ECF No. 2-5 at 2. The Dragon Defendants objected on relevance grounds because whether the Dragon Defendants were in contempt of the *Acquinity* order was not relevant to any claim or defense in the *On Point* case, meaning the requests fell outside the scope of Rule 26. *Id.* The Magistrate Judge *sustained* that relevance objection, holding that documents relating to the *Acquinity* order are only relevant if they demonstrate Mr. Zangrillo's control over On Point Global LLC. ECF No. 2-5 at 36–39. In light of this clear ruling, the Dragon Defendants objected to the FTC's attempt to use third-party discovery to try to obtain evidence of contempt that the Magistrate Judge held it could not obtain from parties under Rule 26 as an abuse of process and a violation of the Magistrate Judge's order. ECF No. 2-5 at 1–3. Lodging objections to a third-party subpoena, and informing the third party in question of those objections, is not "impeding" the subpoena or "abus[ing] the discovery process" – it is protecting and enforcing a party's rights.

Thank you for your consideration. As before, if the Dragon Defendants can provide any additional information relevant to this dispute, they would be happy to do so.

Respectfully,

/s/ Matthew L. Schwartz
Matthew L. Schwartz

---

[2] In the event that this letter is filed on the docket, the Dragon Defendants request that Exhibit G, a list of all of their attorneys and their email addresses provided to the FTC on a confidential basis, be filed under seal.